Thelma Hunter Gordon, Secretary Department on Aging Docking State Office Building, 150 S 915 S.W. Harrison Topeka, Kansas 66612
Dear Secretary Gordon:
You request our opinion with respect to the statutory authority of the state long-term care omsbudsman to designate individuals and entities to represent the office of the state long-term care ombudsman. Specifically, you inquire whether the restrictions imposed by state statutes on the authority of the state long-term care ombudsman to designate such representatives are inconsistent with applicable federal statutes.
The office of the state long-term care ombudsman (hereinafter "state ombudsman") is established by the long-term care ombudsman act, K.S.A. 75-5916 et seq. See K.S.A. 1994 Supp. 75-5916(e), 75-5917, 75-5922c. As you know, the office is under the supervision of the secretary of aging, who appoints the state ombudsman and each regional long-term care ombudsman. Individuals appointed as state and regional long-term care ombudsmen are classified employees of the department on aging. K.S.A. 1994 Supp. 75-5917.
The state ombudsman is responsible for administering the office under the supervision of the secretary of aging. Id. Among other things, the state ombudsman has the statutory authority to designate certain individuals to serve as ombudsmen and represent the state office, if they meet the training requirements specified by statute. See K.S.A. 1994 Supp. 75-5916(a) (definition of "ombudsman" includes individuals who have received required training and who have been designated by the state ombudsman to carry out powers, duties, and functions of state ombudsman); K.S.A. 1994 Supp. 75-5918(f) (state ombudsman responsible for providing training for individuals designated as ombudsmen); K.S.A. 1994 Supp. 75-5918a (individuals who investigate complaints filed with state ombudsman must complete training and must be designated by state ombudsman as qualified to investigate complaints). The authority to designate such representatives is also limited by K.S.A. 1994 Supp. 75-5917a(b), which requires the secretary to ensure that no representative of the office is subject to a conflict of interest, as that term is defined by K.S.A. 1994 Supp. 75-5916(h).
As we understand it, persons designated by the state ombudsman under these provisions represent the state on a volunteer basis and are not compensated by the department on aging. These designated representatives enable the state ombudsman to provide outreach services in order to provide residents of long-term care facilities in Kansas with better access to ombudsman services.
It is our understanding that the office of the state ombudsman is supported in part by federal grant funds authorized for the purpose of carrying out state long-term care ombudsman programs in accordance with 42 U.S.C. § 3058f et seq. See K.S.A. 1994 Supp. 75-5903(a) (designating department on aging as the state agency to receive and disburse federal funds under the older Americans act or other federal programs for the aging); K.S.A.75-5908(k) (secretary on aging administers federal older Americans act programs). In order to continue to receive federal funding authorized by title III of the older Americans act of 1965, as amended, the state is required to develop and submit a state plan to the federal administration on aging, a division of the department of health and human services. 42 U.S.C. § 3025
(a)(1)(A); 3027(a); see K.S.A. 75-5908(d) (secretary develops and administers any state plan for aging required by federal law). Among other things, the state plan must assure that the state will operate a state long-term care ombudsman program in accordance with 42 U.S.C. § 3058g. See 42 U.S.C. § 3027(a)(12). The federal requirements, while not in the nature of mandates, must be met if the legislature intends to continue relying upon federal funding to finance the state's services and programs on aging.See South Dakota v. Dole, 483 U.S. 203, 206-08, 97 L.Ed.2d 171,178-79, 107 S.Ct. 2793 (1987) (pursuant to its spending power, Congress may generally attach conditions on receipt of federal funds).
To be eligible to receive the federal funding, the state must specifically provide to the federal government:
 "(5) an assurance that the State will place no restrictions, other than the requirements referred to in clauses (i) through (iv) of section 3058g(a)(5)(C) of this title, on the eligibility of entities for designation as local Ombudsman entities under section 3058g(a)(5) of this title. . . ." 42 U.S.C. § 3058d(a)(5).
Under 42 U.S.C. § 3058g(a)(5), the state ombudsman is authorized to designate a local ombudsman entity to carry out certain specified duties within a substate area. See42 U.S.C. § 3058f(3) (defining "local ombudsman entity");42 U.S.C. § 3058g(a)(5)(B) (specifying duties of individuals designated to represent such entities). The eligibility criteria for designation are set forth in 42 U.S.C. § 3058g(a)(5)(C) as follows:
"(C) Eligibility for designation
 "Entities eligible to be designated as local Ombudsman entities, and individuals eligible to be designated as representatives of such entities, shall —
 "(i) have demonstrated capability to carry out the responsibilities of the Office;
"(ii) be free of conflicts of interest;
 "(iii) in the case of the entities, be public or nonprofit private entities; and
 "(iv) meet such additional requirements as the [state] Ombudsman may specify."
With respect to the requisite capability of designated entities and individuals, such representatives may not perform ombudsman functions, including complaint investigation and resolution, without first receiving specific training and obtaining the approval of the state ombudsman to carry out those functions.42 U.S.C. § 3058g(h)(5); see 42 U.S.C. § 3058g(a)(3) (listing required ombudsman functions); 42 U.S.C. § 3058g(h)(4)(A) (required training). The specific training requirements set forth in federal statute are consistent with the training required by K.S.A. 1994 Supp. 75-5918(f) and 75-5918a. Compare42 U.S.C. § 3058g(h)(4)(A)(ii) (I)-(III) with K.S.A. 1994 Supp. 75-5918(f)(1)-(3). We note, however, that unlike the applicable state statute, the federal statute requires the state to specify a minimum number of hours of initial training and a specified number of hours of annual in-service training for all designated representatives. See42 U.S.C. § 3058g(h)(4)(A)(i), (iii). Since the state training requirements are less restrictive than the federal requirements, they do not violate 42 U.S.C. § 3058d(a)(5).
Your letter suggests that K.S.A. 1994 Supp. 75-5918(h) impermissibly limits the category of entities eligible for designation to represent the state ombudsman's office to area agencies on aging. The statute in question reads as follows:
"The state long-term care ombudsman shall:
. . . .
 "(h) consider an individual who is an employee of an area agency on aging which provides ombudsman services and who has been designated as an ombudsman by the state long-term care ombudsman
to be a representative of the office and such individual shall be deemed to be a representative of the office for the purposes of this act. . . ." (Emphasis added.)
We note that the term "area agency on aging" is specifically defined by the older Americans act to mean a public or private nonprofit agency or organization designated by the state agency on aging to provide specified functions in a particular substate area. See 42 U.S.C. § 3002(17), 3025(a)(2)(A); see also
K.A.R. 26-1-1(a) (defining "area agency on aging"). Therefore, an area agency on aging qualifies as a local or nonprofit private entity for purposes of 42 U.S.C. § 3058g(a)(5)(C)(iii) and may be designated by the state ombudsman as an entity to represent the state office, as long as all other requirements are met.
While the wording of the statute does not leave its meaning entirely free from doubt, we do not read it so restrictively as to limit the field of candidates from which the state ombudsman may designate representatives.
The quoted statute was enacted in 1990 in an effort to bring state statutes into conformity with the 1987 amendments to the older Americans act. See Minutes, House Committee on Public Health and Welfare, March 2, 1990, at 1-2 Attachment No. 2 (testimony of Esther Wolf, then secretary on aging). Among other things, the bill as introduced would have authorized the state ombudsman to designate individuals to serve as volunteer ombudsmen. Id. The house committee deleted the original language the secretary had proposed to authorize the designation of individuals to serve as volunteers. See Minutes, Senate Committee on Public Health and Welfare, April 4, 1990, at 2-3 Attachment No. 9 (testimony of Lyndon Drew, representing the department on aging). The specific wording of K.S.A. 1994 Supp. 75-5918(h), which differs considerably from the language the secretary had proposed, was added to the bill by the senate on final action. The legislative history reveals neither the source nor the legislative intent of the specific language inserted by the senate.
In ascertaining legislative intent, several provisions of the act,in pari materia, must be construed together with the goal of harmonizing them and giving effect to the entire act, if it is reasonably possible to do so. Guardian Title Co. v. Bell,248 Kan. 146, 151 (1991). In this instance, we must reconcile the specific language of K.S.A. 1994 Supp. 75-5918(h) with the other provisions of the act that authorize the state ombudsman to designate volunteer representatives, subject only to the statutory provisions imposing certain training requirements and prohibiting the appointment of representatives who are subject to conflicts of interest.
In our opinion, when read in the context of the entire act of which it is a part, the statute in question provides that an an employee of an area agency on aging may be considered for designation by the state ombudsman, but only if (1) the area agency that is the individual's employer provides ombudsman services, (2) the employee meets the training requirements set forth in K.S.A. 1994 Supp. 75-5918(f) and 75-5918a, and (3) the employee is not subject to a conflict of interest in violation of K.S.A. 1994 Supp. 75-5917a. At most, the statute provides that an area agency on aging is presumptively qualified to be designated as a representative entity if it performs ombudsman services. However, the area agency or any individual employee may be disqualified from representing the state office if, in the opinion of the state ombudsman, one or more of the other criteria for designation are not met.
Your inquiry also states than any employee of an area agency on aging would have an inherent conflict of interest, because area agencies perform long-term care preadmission screening functions. In addition, you inform us that one area agency is operated by a county that also operates a nursing home. As we have explained, we do not interpret the statute to restrict the designation authority of the state ombudsman to employees of area agencies on aging. Therefore, we need not and do not address whether some or all area agencies on aging are subject to a conflict of interest as a matter of law, which would preclude their designation as representatives of the office under both state and federal statutes. See K.S.A. 1994 Supp. 75-5917a(b), (c);42 U.S.C. § 3058g(a)(5)(C)(ii).
We note, however, that the term "conflict of interest" is specifically defined for purposes of the long-term care ombudsman act. See K.S.A. 1994 Supp. 75-5916(h). The state definition appears to be narrower than the definition set forth in the federal statute. Compare K.S.A. 1994 Supp. 75-5916(h) with42 U.S.C. § 3058g(f)(3). Since it is less restrictive, the state statute prohibiting conflicts of interest does not impinge on the authority of the state ombudsman to designate representative entities or individuals to a greater extent than the parallel federal statute.
Finally, your letter indicates that it is your understanding that Congress intended to allow state long-term care ombudsmen to designate ombudsman entities in order to provide sufficient access to ombudsman services, and that the state statutes appear to bar the implementation of congressional intent in this regard. While we do not address whether any or all area agencies on aging would be disqualified from serving as local ombudsman entities on the basis of conflict of interest, we note that the federal statute concerning the designation of volunteer representatives is permissive, not mandatory. See 42 U.S.C. § 3058g(a)(5)(A) (ombudsman may designate an entity as a local ombudsman entity, and may designate an employee or volunteer to represent the entity).
In summary, the state long-term care ombudsman has the statutory authority and discretion to designate individuals to represent the state ombudsman office on a volunteer basis, with certain limitations. To qualify for designation as a representative of the office, the individual must meet the training requirements set forth in K.S.A. 1994 Supp. 75-5918(f) and 75-5918a. The state long-term care ombudsman may not designate an individual who is subject to a conflict of interest, as defined by K.S.A. 1994 Supp. 75-5916(h). While the state long-term care ombudsman may designate an employee of an area agency on aging that provides ombudsman services, the area agency employee must otherwise qualify for designation as a representative. The provisions of the Kansas long-term care ombudsman act do not restrict the eligibility of entities for designation as representatives of the office of state long-term care ombudsman to a greater extent than permitted by 42 U.S.C. § 3058d(a)(5) and 3058g(a)(5)(C).
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 J. Lyn Entrikin Goering Assistant Attorney General
CJS:JLM:LEG:jm